Michael D. ZOLLO, et al.

v.

TURNER & NEWALL LIMITED, et al.

Cecil CAMPBELL, et al.

v.

TURNER & NEWALL LIMITED, et al.

Angelo MONACO, et al.

v.

CAREY CANADIAN MINES, LTD., et al.

Joseph HENDERSON, et al.

v.

CAREY CANADIAN MINES, LTD., et al.

Civ. A. Nos. 80–0709, 80–1093, 80–3646 and 81–0917.

United States District Court, E. D. Pennsylvania.

June 22, 1981.

Martin Greitzer, Greitzer & Locks, Philadelphia, Pa., for plaintiff Joseph Henderson.

Edward B. Joseph, Fredric L. Goldfein, Ominsky, Joseph & Welsh, Philadelphia, Pa., for defendant Bell Asbestos Corp.

MEMORANDUM AND ORDER

GILES, District Judge.

In *Henderson,* defendant Asbestos Corporation, Ltd., moves to dismiss for lack of personal jurisdiction. Identical motions have been denied consistently by other judges of this court. *E. g., Hopwood v. Bell Asbestos Mines, Ltd.,* C.A. No. 80–1141 (E.D.Pa. Dec. 18, 1980) (Cahn, J.); *Johnson v. Turner & Newall, Ltd.,* C.A. No. 78–464 (E.D.Pa. June 29, 1979); *see* Defendant's Memorandum, at 6 (citing other cases). I recently denied the identical motion in *Malander v. North American Asbestos Corp.,* C.A. No. 80–3866 (E.D.Pa. April 8, 1981). The motion in *Henderson* therefore will be denied.

Asbestos Corporation is a defendant in other cases before me. In *Zollo, Campbell,* and *Monaco,* defendant has not moved to dismiss. Filing the identical motion in those cases would be a futile act, expending resources of clients, counsel, and court. Nonetheless, counsel may feel obliged to perform a futile act in order to protect the record. The court can reduce wasteful motion practice and protect the record for defendant by deeming the motion to have been made and denied in other cases. I therefore shall enter an order denying the motion in all of the captioned cases.